■ In the Matter of DEBRA MENICHIELLO, Appellant, v JOHN R. HACKEL, Respondent. [650 NYS2d 54] —Crew III, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered April 5, 1995, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of visitation.

By petition dated October 16, 1994, petitioner sought to modify Family Court's prior order of visitation by requiring, *inter alia*, that respondent's visitation with the parties' two children be supervised. Following a hearing, at which both petitioner and respondent testified, Family Court dismissed the petition.

On this appeal, petitioner contends that she has been denied due process of law by reason of Family Court's failure to require the Law Guardian to meet with the children and by reason of the Law Guardian's failure to request that the court interview the children. Petitioner concludes that inasmuch as the children were not interviewed concerning the allegations in the petition, Family Court's determination could only derive from speculation. We disagree.

Initially, we note that petitioner was at liberty to request Family Court to interview her children, and her failure to do so obviates any perceived malfeasance on the part of the Law Guardian. Further, as Family Court appropriately noted, resolution of this matter turned upon a credibility determination which Family Court resolved in respondent's favor. As Family Court's decision in this regard is supported by the record as a whole, we perceive no basis upon which to set it aside. Simply stated, petitioner was afforded a full and fair opportunity to present proof in support of her petition, and her arguments to the contrary are lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.